## CHUNG YUNE *v.* SHURTLEFF.

*(Circuit Court, D. Oregon.* February 13, 1882.)

**1. DUTIES—LIMITATION OF ACTION TO RECOVER—NOTICE TO IMPORTER OF DECISION OF SECRETARY.**

Under section 2931 of the Revised Statutes the importer is not entitled to notice of the decision of the secretary upon an appeal from the collector, and the limitation of 90 days within which the importer may commence an action under said section to recover duties alleged to have been illegally exacted commences to run from the date of said decision, and not from the time the importer may have knowledge of it.

Action to Recover Duties.

*W. Scott Beebe,* for plaintiff.

*Rufus Mallory,* for defendant.

DEADY, D. J. Chung Yune, a Chinese firm of this city, bring this action to recover from defendant, the collector of customs at this port, the sum of $1,034.84, alleged to have been illegally exacted as the duty upon 372 boxes of sago flour, entered here for consumption.

The importer duly appealed to the secretary of the treasury from the decision of the collector as to whether the goods were dutiable or not, and on September 27, 1881, the secretary affirmed the action of the collector, but the same was not brought to the knowledge of the plaintiff until October 9, 1881. The action was commenced on December 27, 1881, the ninety-first day after the decision of the secretary.

The defendant demurs to the complaint, for that it appears therefrom that the action was not commenced *within* ninety days from the decision of the secretary, as required by statute.

Section 2931 of the Revised Statutes (section 14 of the act of June 30, 1864; 13 St. 214) provides that the decision of the secretary of the treasury, on an appeal from a decision of a collector of customs, "as to the rate and amount of duties to be paid" on merchandise entered at his port, shall be final and conclusive, and such merchandise "shall be liable to duty accordingly, unless suit shall be brought

within 90 days after the decision of the secretary on such appeal for any duties which shall have been paid before the date of such decision."

The plaintiff, admitting as he must that this action was not commenced within 90 days from the decision of the secretary, contends that the statute should be construed as if it read: unless the action shall be commenced within 90 days after the importer has knowledge or notice of such decision.

But this construction would be plainly without the letter of the statute and the apparent intention of congress. The act makes the limitation to commence from the date of the secretary's decision, and is silent as to the knowledge of the party or the effect of his want of notice. The decision of the secretary is a public act in writing, filed in the department, and under the present treasury regulations is communicated to the collector and importer. As a matter of fact, the plaintiff in this case had notice of decision in 12 days from its date, and therefore had 78 days within which to commence suit. In such a case there is no ground to claim that the law has operated hardly, or so as to prevent the plaintiffs from asserting their rights in court by the use of ordinary diligence.

But a case may occur, it is suggested, where, through the negligence of the officials, or other cause, the importer might not learn of the secretary's decision so as to bring his action within the time; yet even then, as said in substance by Mr. Justice Strong in *Westray* v. *U. S.* 18 Wall. 322, in considering a similar question under the same statute, the court cannot require a notice to be given to the importer to prevent the limitation from running, when congress has not. In that case the court held that the importer was not entitled to notice of the liquidation or estimate of duties on his merchandise by the collector, so as to enable him to take his appeal to the secretary of the treasury within 10 days thereafter, as the statute requires, but that he must get his information on that point for himself.

If any authority is needed in support of this demurrer, beyond the plain provision of the statute, that case appears to be decisive of this. It is true that the importer may learn of the decision of the collector more readily than that of the secretary, if no means are taken to furnish him with either. But the law does not require him to be furnished with notice at all. The department, in the administration of the law, has found it just and convenient to direct that notice be given to the importer of the decision of the officer, but the failure to do so does not affect the legal rights of the parties. Notwith-

standing the want of formal notice of the decision, the importer may immediately sue to recover back the duties alleged to have been illegally exacted, and the limitation upon his right to do so begins to run at the same time. The argument for the demurrer assumes that it was the intention of congress that the importer should have all of 90 days within which to commence his action. But as, in the great majority of cases, one-third of that period is more than sufficient for such purpose, the remaining 60 days must have been given to cover any possible contingencies, such as the getting or receiving notice of the decision of the secretary.

This action not having been commenced within 90 days from the decision of the secretary, it is barred by lapse of time, and the demurrer is therefore sustained.